# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**
July 9, 2020

Lyle W. Cayce
Clerk

No. 19-10354

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JEFFREY NEAL CUDDINGTON,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 6:16-CR-28-1

Before DENNIS, SOUTHWICK, and HO, Circuit Judges.

PER CURIAM:[*]

Jeffrey Neal Cuddington pleaded guilty to the receipt and distribution of visual depictions of minors engaging in sexually explicit conduct and aiding and abetting. He timely appealed and now challenges his within-Sentencing Guidelines prison sentence of 188 months as being both procedurally and substantively unreasonable.

Procedurally, Cuddington contends that the district court's explanation for its choice of sentence was inadequate in light of evidence he presented on

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 19-10354

his positive history and characteristics. We review this argument under the plain-error standard since Cuddington did not raise this issue in the district court.[1] *See United States v. Mondragon-Santiago*, 564 F.3d 357, 360-61 (5th Cir. 2009). A sentencing court must provide "a reasoned basis for exercising [its] own legal decisionmaking authority." *Rita v. United States*, 551 U.S. 338, 356 (2007). "The sentencing judge should set forth enough to satisfy the appellate court that he has considered the parties' arguments and has a reasoned basis for exercising his own legal decisionmaking authority." *Id.* But context and the record can make clear that the judge's decision rests upon the Commission's reasoning that the Guidelines sentence is proper in the typical case and his own finding that the case before him is typical. *Id.* at 359. Although a sentencing judge "will normally go further and explain why he has rejected" a nonfrivolous reason for a different sentence, *id.* at 357, the judge need not do so where the matter is "conceptually simple . . . and the record makes clear that the sentencing judge considered the evidence and arguments," *id.* at 359.

Here, the district court cited only the sentencing factors of punishment and deterrence, but also adopted the Presentence Investigation Report (PSR) in sentencing Cuddington within the applicable Guidelines range. We have held that a statement of reasons citing only deterrence and punishment was

---

[1] Under the Supreme Court's recent decision in *Holguin-Hernandez v. United States*, 140 S. Ct. 762 (2020), Cuddington's substantive reasonableness arguments are reviewed for abuse of discretion rather than plain error because he sought a lower sentence than what the court ultimately imposed. But the Supreme Court in *Holguin-Hernandez* explicitly declined to address whether its reasoning applied to procedural reasonableness. 140 S. Ct. at 767 (declining to consider "what is sufficient to preserve a claim that a trial court used improper *procedures* in arriving at its chosen sentence" (emphasis in original)). Accordingly, our case law requiring a specific objection to preserve procedural error remains undisturbed, as we have previously held in at least one unpublished decision. *United States v. Gonzalez-Cortez*, 801 F. App'x 311, 312 n.1 (5th Cir. 2020); *see also United States v. Dominguez-Alvarado*, 695 F.3d 324, 327 (5th Cir. 2012) ("If a defendant fails to properly object to an alleged error at sentencing, however, the procedural reasonableness of his sentence is reviewed for plain error.").

sufficient where it was evident the district court considered the defendant's arguments for a lower sentence and rejected them, in part by adopted the PSR's reasoning over the defendant's objections. *United States v. Rodriguez*, 523 F.3d 519, 525–26 (5th Cir. 2008). Although Cuddington did not object to the PSR, it is nonetheless clear that the district court considered his arguments for a lesser sentence based on Cuddington's personal history. First, the PSR—which the district court adopted—contained a detailed recitation of that history, along with a detailed description of the nature of Cuddington's offense, including that his hard drive contained 4,501 child pornography images and 183 videos containing child pornography, as well as several victim impact statements discussing the trauma experienced by victims of child pornography. Second, Cuddington's counsel presented those arguments in his sentencing memorandum and at the sentencing hearing before the district court announced its sentence. Accordingly, despite its brevity, the district court's statement was sufficient when combined with its adoption of the PSR in imposing a within-Guidelines sentence, as the record makes clear that the district court "simply found [the] circumstances [here] insufficient to warrant a sentence lower than the Guidelines range." *Rita*, 551 U.S. at 358.

Substantively, Cuddington asserts that the fact that the district court sentenced him at the top of the applicable Guidelines range demonstrates that the district court effectively ignored his arguments and evidence on his history and characteristics, which he describes as exemplary. This, he maintains, is enough to rebut the presumption of reasonableness afforded his within-Guidelines sentence. *See United States v. Alonzo*, 435 F.3d 551, 554 (5th Cir. 2006). Cuddington's request for a probationary sentence, a sentence at the low end of the statutory range, or a sentence at the bottom of the Guidelines range is sufficient to preserve this argument for appellate review under an abuse-of-discretion standard. *Holguin-Hernandez*, 140 S. Ct. at 766; *see Gall v. United*

*States*, 552 U.S. 38, 51 (2007). In light of the record before us, Cuddington has not shown "that the sentence does not account for a factor that should receive significant weight, it gives significant weight to an irrelevant or improper factor, or it represents a clear error of judgment in balancing sentencing factors." *United States v. Cooks*, 589 F.3d 173, 186 (5th Cir. 2009). Although Cuddington argues that his history and characteristics received effectively no weight because the district court did not refer to them explicitly, the absence of an explicit reference to these arguments does not require a conclusion that the court failed to consider them or accord them appropriate weight. *See, e.g., United States v. Washington*, 480 F.3d 309, 314 (5th Cir. 2007) (concluding that where defendant's history, characteristics and the nature of the offense were discussed at sentencing, the record supported the inference that the district court considered the relevant factors in imposing a sentence at the high end of the Guidelines range). Here, again, the district court had before it and adopted the PSR, which included a detailed discussion of both Cuddington's personal military history and a description of the nature of his offense. Moreover, Cuddington's counsel presented his personal history arguments to the district court at sentencing. *See Washington*, 480 F.3d at 314. Cuddington has therefore failed to rebut the presumption of reasonableness attached to his within-Guidelines sentence. *See id.*; *Cooks*, 589 F.3d at 186.

For these reasons, the judgment of the district court is AFFIRMED.